GARY M. RESTAINO
United States Attorney
District of Arizona

PETER SEXTON
Arizona State Bar No. 011089
LINDSAY SHORT
Arizona State Bar No. 034125
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Ste. 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Emails: Peter.Sexton@usdoj.gov
Lindsay.Short@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

NOV 1 4 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Jeremie Andrew Sowerby,<br><br>　　　　　　Defendant. | No.　CR-23-1586-PHX-SMB (MTM)<br><br>**INDICTMENT**<br><br>VIO:　18 U.S.C. § 1343<br>　　　(Wire Fraud)<br>　　　Counts 1-3<br><br>　　　18 U.S.C. § 1957(a)<br>　　　(Transactional Money Laundering)<br>　　　Count 4<br><br>　　　18 U.S.C. § 981(a)(1)(C);<br>　　　18 U.S.C. § 982(a)(1);<br>　　　21 U.S.C. § 853;<br>　　　28 U.S.C. § 2461(c)<br>　　　(Forfeiture Allegations) |

THE GRAND JURY CHARGES:

In or about and between September 2021 through July 2023, in the District of Arizona and elsewhere, defendant Jeremie Andrew Sowerby ("SOWERBY"), and others known and unknown to the Grand Jury, scammed a victim-investor, H.C., out of $207,000 under the guise of a purported risk-free investment with guaranteed returns.

**Defendant and Fraudulent Enterprises**

1. Defendant JEREMIE ANDREW SOWERBY used others, known and unknown to the Grand Jury, to pitch a purported investment opportunity to individuals including H.C. SOWERBY himself then personally interacted with H.C., and convinced H.C. through several lies to put money into a sham investment scheme.

2. Beginning in December 2022, SOWERBY met with H.C. multiple times. He gave H.C. a tour of a facility that he falsely claimed had 200,000 working cryptocurrency mining machines. He also personally guaranteed H.C. uncommonly high rates of return on investments with him. Ultimately, SOWERBY deceptively convinced H.C. to invest in what he claimed to be an exclusive hedge fund investment opportunity, which purportedly was offered only to high-income earners and supposedly used a "bot" algorithm to invest in a product tied to the stock market. SOWERBY falsely claimed that H.C.'s investment and fabulous returns could be withdrawn in cash or Bitcoin at any time.

3. The "investment" and "earnings" were an illusion. SOWERBY stole H.C.'s money and used it for his own personal needs.

### *SOFTEK, LLC – Entity and Accounts*

4. SOWERBY and others used a bank account associated with the entity SOFTEK, LLC to collect money from victim-investors in this and other investment fraud schemes.

5. In or about September 2021, an application was submitted to the Internal Revenue Service (IRS) for an Employer Identification Number (EIN) for the entity SOFTEK, LLC, which was later granted (EIN ending in -5955). The application stated that the principal service was software design and that SOFTEK, LLC was organized as a multi-LLC business.

6. On or about September 21, 2021, Articles of Organization were filed with the Wyoming Secretary of State for SOFTEK, LLC. On the same date, a Foreign Registration Statement was filed with the Arizona Corporation Commission (AZCC) for

SOFTEK, LLC to conduct business in Arizona. On or about November 5, 2021, a Foreign Registration Amendment was submitted to the AZCC reflecting unindicted co-conspirator S.H. as a Principal and Member.

7. On or about October 4, 2021, Articles of Organization were submitted to the Secretary of State of Nevada to establish SOFTEK, LLC. In this filing, unindicted co-conspirator D.C. was listed as the Managing Member.

8. On or about October 8, 2021, a Bank of America business checking account ending in -2888 was opened in the name of SOFTEK, LLC. D.C. was the member and signer on the account.

9. SOFTEK, LLC received wires from "all over," according to D.C. The account was set up to receive money from "investors" in the company's purported cryptocurrency activities. SOWERBY instructed D.C. to send varying increments from the SOFTEK, LLC account to a Signature Bank account to convert the funds to cryptocurrency and put into SOWERBY's exchange.

10. On or about July 19, 2023, a Certificate of Dissolution/Cancellation Limited-Liability Company was filed with the Secretary of State of Nevada, cancelling its registration to transact business in Nevada.

11. On or about July 26, 2023, a Statement of Foreign LLC Withdrawal was filed with the AZCC, cancelling its registration to transact business in Arizona.

### *Justice Capital – PerpetualJustice.com*

12. On or about May 15, 2022, the website PerpetualJustice.com was created and hosted by GoDaddy. The landing page reflected the name "Justice Capital" (but listed no other information other than a sign-in prompt).

13. Queries of the U.S. Securities and Exchange Commission yielded no registrations for Justice Capital or Perpetual Justice.

### **SOWERBY Convinces H.C. to Invest $207,000**

14. H.C. initially learned of Justice Capital through unindicted co-conspirator

C.C. H.C. then met with C.C. and SOWERBY in December 2022 at a warehouse located in Tempe, Arizona. SOWERBY provided a tour of the facility, which he characterized as a cryptocurrency mining facility. He explained two investment opportunities, one of which was Justice Capital.

15. SOWERBY explained that Justice Capital was a hedge fund, offered only to high-income earners. According to SOWERBY, as of December 2022, there were approximately 100 investors in Justice Capital. SOWERBY explained to H.C. that the investment was tied to the stock market and traded using a "bot"[1] algorithm involving AU stock[2]. SOWERBY showed H.C. the purported algorithm. They observed the purported buying and selling by the "bot" every few minutes.

16. SOWERBY told H.C. the investment was for one year and was guaranteed to generate 10% interest per month. H.C. was told that H.C. could withdraw interest during the year at any time but was promised an additional bonus of 24% of the principal amount at the end of the year if no earnings were withdrawn during the year. SOWERBY also personally guaranteed H.C.'s initial investment for the first year, saying he had a separate account that would back up any principal investment for H.C. for the first year if the market crashed.

17. SOWERBY informed H.C. that the investment was in U.S. dollars and the payout would be in Bitcoin. SOWERBY also explained that H.C. could choose to receive payouts in U.S. dollars via a wire from SOFTEK, LLC.

18. H.C. invested a total of $207,000.00 in Justice Capital based on SOWERBY's representations. In each transaction, H.C. provided a check directly to SOWERBY.

19. H.C. never earned any return on the "investment" and was never able to get

---

[1] A trading bot is a computer program or software that uses trading signals and indicators to buy and sell financial products on a trading platform.

[2] This is understood to be a reference to AngloGold Ashanti, a publicly-traded precious metals mining company.

- 4 -

the original investment returned.

20. Instead of investing H.C.'s money as promised, SOWERBY instead used the money to obtain cashier's checks. One check was made payable to 888 MANAGEMENT, LLC, which is an entity SOWERBY owns.

## COUNTS 1-3
## 18 U.S.C. § 1343
## [Wire Fraud]

21. The factual allegations in the preceding paragraphs of this Indictment are re-alleged and incorporated as though fully set forth herein.

22. Beginning at a time unknown to the Grand Jury, but at least as early as September 2021, and continuing until the present, in the District of Arizona and elsewhere, defendant JEREMIE ANDREW SOWERBY, and others known and unknown to the Grand Jury, knowingly and willfully devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by intentional concealment and omission of material facts.

23. On or about each of the dates set forth below, involving $162,000 of the $207,000 H.C. "invested" in Justice Capital, for the purpose of executing the fraudulent scheme described above, defendant SOWERBY did knowingly transmit or caused to be transmitted by means of wire communication in interstate commerce, certain writings, pictures, signals, and sounds with each wire transmission constituting a separate count:

| Count | On or About Wire Date | Description | Amount |
|---|---|---|---|
| 1 | 12/16/2022 | Check #4276 from H.C. deposited to SOFTEK, LLC Bank of America Account -2888. | $52,000.00 |
| 2 | 12/16/2022 | Check #4277 from H.C. deposited to SOFTEK, LLC Bank of America Account -2888. | $40,000.00 |
| 3 | 1/30/2023 | Check #4283 from H.C. deposited to SOFTEK, LLC Bank of America Account -2888. | $70,000.00 |

All in violation of Title 18, United States Code, Section 1343.

## COUNT 4
## 18 U.S.C. § 1957(a)
### [Transactional Money Laundering]

24. The factual allegations in the preceding paragraphs of this Indictment are re-alleged and incorporated as though fully set forth herein.

25. On or about the date set forth below, in the District of Arizona and elsewhere, defendant JEREMIE ANDREW SOWERBY, and others known and unknown to the Grand Jury, knowingly engaged in a monetary transaction, of a value greater than $10,000, occurring within the United States, with funds criminally derived from the Wire Fraud in violation of 18 U.S.C. § 1343:

| Count | Date | Monetary Transaction | Transaction Amount |
|---|---|---|---|
| 4 | 12/19/2022 | Purchase of a cashier's check for payee 888 MANAGEMENT, LLC. | $83,000.00 |

All in violation of Title 18, United States Code, Section 1957(a).

## FORFEITURE ALLEGATION
## 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 982(a)(1);
## 21 U.S.C. § 853; 28 U.S.C. § 2461(c)

26. The factual allegations in Counts 1 through 4 in the preceding paragraphs of this Indictment are re-alleged and incorporated as though fully set forth herein.

27. Pursuant to Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), and upon conviction of one or more of the offenses alleged in Counts 1 through 4 of this Indictment, defendant(s) shall forfeit to the United States all right, title, and interest in any and all property, real or personal, involved in such offense(s), or any property traceable to such property involved in the offense(s), or conspiracy to commit such offense(s),

including the following: (a) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of a statute listed in Title 18, United States Code, Section 982, (b) all other property constituting proceeds obtained as a result of those violations, and (c) all property used in any manner or part to commit or to facilitate the commission of those violations including, but not limited to the sum of money representing the amount of money involved in the offense(s).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant(s) up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

All in accordance with Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Section 853, Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*s/*
FOREPERSON OF THE GRAND JURY
Date: November 14, 2023

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/*
PETER SEXTON
LINDSAY L. SHORT
Assistant U.S. Attorneys